# Shenandoah Steam, Heat & Power Company, Appellant, v. Beddall.

*Corporations—Heat and power companies—Contract—Case for jury.*

In an action to recover a balance alleged to be due for heat furnished, it appeared that plaintiff agreed to furnish heat to defendants for $180 per year. Afterwards defendants were notified that the price would be increased to $225. There was evidence that defendants notified plaintiff that they would not pay the increase, and that the heat might be cut off. The heat was not cut off, and for several years plaintiff accepted for each year $180 although demanding $225, defendants insisting that they had a contract for the lesser sum. *Held,* that the case was for the jury to determine the terms upon which the service was continued.

Argued Dec. 9, 1903. Appeal, No. 206, Oct. T., 1903, by plaintiff, from order of C. P. Schuylkill Co., Nov. T., 1902, No. 193, refusing to take off nonsuit in case of Shenandoah Steam, Heat & Power Company v. G. W. Beddall et al., trading as Beddall Brothers. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for heat furnished. Before SHAY, J.

The facts appear in the opinion of the Superior Court.

*Error assigned* was order refusing to take off nonsuit.

*J. Claude Brown,* with him *E. W. Shoemaker,* for appellants.

*E. A. Beddall,* for appellees.

OPINION BY SMITH, J., April 18, 1904:

In 1893 the plaintiff began to furnish steam heat to the defendants' buildings, the price agreed on being $180 per season, from September 15 until May 15. This amount was paid each year until the defendants sold the property, in 1902. In this action the plaintiff claims the further sum of $45.00 a year, beginning September 15, 1897, alleging that the price from that date was fixed at $225 a season.

From the evidence on the part of the plaintiff it appears that

in July, 1897, the plaintiff decided to increase the price to a rate that fixed the charge for the season at $225, and a few days afterward notified the defendants that the rate would be thus increased. The partner to whom this notice was given replied that they would not pay the increase, and that the plaintiff might shut off the heat. On the presentation of the first semiannual bill for $112.50, the defendants refused to pay more than $90.00, and this refusal was repeated on the presentation of each subsequent bill for the increased rate, the defendants insisting that they had a contract at $180, and that the plaintiff should heat on that basis or cut off the heat. The plaintiff, while charging the defendants at the rate of $225, continued to receive the payments offered at the rate of $180. In 1898 the defendants proposed to pay at the rate of $200, but the plaintiff declined. At a date not clearly shown, the plaintiff notified the defendants that unless they paid at the rate of $225 the heat would be shut off, and in 1899 the plaintiff shut off the heat. Later, it was turned on, but by whom does not appear.

The plaintiff contends that since the defendants continued to receive the heat with notice that the price would be $225, a contract for payment at that rate was implied. On the other hand, the defendants contend that since the plaintiff continued to furnish the heat with notice that only $180 would be paid, and received the payments tendered at that rate, a contract at that price was implied.

While, on a motion for a nonsuit, the plaintiff is entitled to every inference in his favor, legitimately arising from the evidence, the conclusion must be affected by every legitimate inference in favor of the defendant. Here there is no direct evidence of the contract between the parties after July, 1897. The original contract must be regarded as subsisting while the service continued, unless another was substituted. The plaintiff alleges a substitute, which is denied by defendants. The contract asserted by each rests wholly on an inference, to be drawn from the acts and declarations of both. It is for a jury to draw the proper inference in the case and to determine, from the evidence, the terms upon which the service was continued.

Judgment reversed and procedendo awarded.